By the Court.
These were applications made under Section 3333-1, Revised Statutes, asking the court of common pleas to fix the mode and manner by which a junior railroad company should construct its way at a crossing of the senior company, the companies not being able to agree. The cases having been decided in the court of common pleas were appealed to the circuit court, where a final order was made fixing the mode and manner *245 of crossing and apportioning certain of the costs and expenses thereof. In general, the view taken of the subject in the circuit court was entirely consistent with the view of the subject taken by this court in the case of The Toledo Ry. & Terminal Co. v. The Lima & Toledo Traction Co., .ante. The present cases, however, present three questions that were not disposed of in that case.
First: The circuit court found in the present cases that a three per cent, grade for the approach to the overhead crossing, which it ordered, was practicable, and, therefore, it ordered that one-half of the cost of constructing the approach at a three per cent, grade should be paid by each company, but that if the junior company desired a two per cent.- grade to reach the overhead crossing, at the required height, it should pay the additional cost of construction at that grade. We perceive no reason for differing from the conclusion of the circuit court in that respect. Its finding that a three per cent, grade was practicable was based upon very substantial evidence, and a practicable crossing would seem to be all that was in the contemplation of the statute.
Second: While the circuit court ordered an overhead crossing to carry the cars of the junior road, and ■ ordered that one-half of the cost of constructing such overhead crossing should be paid by each of the roads, it ordered that the cost of maintenance should be borne wholly by the junior company. In that respect the order of the circuit court is entirely inconsistent with the statute, which provides, in .express terms, that both the cost of construction and the expense of main *246 tenance, shall be equitably apportioned among the parties.
Third: The court ordered that the bridge by which the junior road should carry its track over the senior road, should be wide enough for a single track, and the cost thereof apportioned equally between the companies, but that if the junior road desired a bridge wide enough for a double track, it should pay the additional cost of constructing a bridge of that width. In that respect we think the order of the-circuit court is not in accordance with the spirit and purpose of the statute. It will be consistent with that spirit and purpose, and with public policy, if the number of tracks upon which both the senior and junior roads shall operate, are determined by themselves as a matter of railroad operation, rather than by the courts as a matter of law. In a proceeding of this character it will be quite as clearly within the authority of the court for the purpose of diminishing the cost of the overhead structure, to order the senior road to reduce the number of its tracks in order that the structure may thereby be shortened, as to provide that the structure should be narrower than the wants of the junior road in order that the cost of construction may in that manner be reduced. It would hardly comport with the obvious policy of the statute to require a section of single track in a double track railroad.
The judgment of ■ the circuit court will be, in all respects affirmed, except as to propositions two and three above, as to which its judgment will be modified in accordance with the views here expressed.
*247 The modified judgment will be entered in this court and remanded to the circuit court for execution.

Judgments modiñed.

Price, C. J., Shauck, Crew, Summers, Spear and Davis, JJ., concur.